OPINION
Defendant-appellant Steven D. Wright appeals his convictions and sentences on one count of operating a motor vehicle under the influence of alcohol (R.C. 4511.191(A)(1)) and one count of prohibited lane usage (R.C. 4511.33). The Licking County Municipal Court entered said convictions and sentences following appellant's plea of no contest to the same. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE AND FACTS
In the early morning hours of April 19, 1998, appellant was driving southbound on State Route 79 in Licking County, when he was stopped by Deputy Morton of the Licking County Sheriff's Office. Earlier that evening, Deputy Morton responded to a report of a robbery of a grocery store in Wilkin's Corner. As appellant's vehicle rounded a curve in the road, Deputy Morton noticed it matched the description and partially matched the license plate number of the vehicle involved in the robbery. As appellant turned his vehicle left on a slight curve, Deputy Morton, who was traveling northbound on State Route 79, observed both tires of appellant's vehicle were a foot or two left of center, over the double yellow line. Appellant's vehicle was forty to fifty yards in front of Deputy Morton's vehicle when the deputy witnessed it moving left of center. Based upon these two reasons, Deputy Morton initiated a traffic stop of appellant's vehicle. Upon further investigation, appellant was charged with operating a motor vehicle under the influence of alcohol and prohibited lane usage. After entering a not guilty plea at his arraignment, appellant filed a motion to suppress on June 8, 1998. Following a hearing on the motion, the trial court overruled the motion on August 10, 1998. Thereafter, on October 12, 1998, appellant changed his plea on both charges to no contest, was found guilty and sentenced accordingly. Appellant timely filed his notice of appeal on November 5, 1998, appealing the trial court's August 10, 1998 Judgment Entry overruling his motion to suppress. Appellant assigns as error:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE, AS LAW ENFORCEMENT OFFICIALS LACKED A REASONABLE, ARTICULABLE SUSPICION SUFFICIENT TO JUSTIFY THE INITIAL TRAFFIC STOP (TR. PP. 6-16).
We begin by noting the trial court specifically found in its August 10, 1998 Judgment Entry, the communications between the officer (Deputy Morton) and the dispatcher were insufficient to give the officer a basis to stop appellant. Appellee has not cross-appealed nor conditionally cross-assigned as error the trial court's finding in this regard. Neither of the parties' briefs to this Court discuss this issue. Accordingly, we shall not address it herein. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger (1993),86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906,908, and State v. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996),116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." In the instant action, the trial court found the traffic stop was justified based upon the officer's observations of appellant's erratic driving, namely the left of center violation. We agree. Contrary to the cases cited by appellant, we find appellant's traveling left of center on a slight curve by a foot or two, thereby crossing the double yellow line, and entering the lane of travel of the approaching police officer, who was forty to fifty yards away at the time, is more than a "minuscule" or "de minimus" traffic violation. We find the traffic stop at issue herein was justified under the totality of the circumstances. Appellant's sole assignment of error is overruled.
The judgment of the Licking County Municipal Court is affirmed.
By:
Hoffman, J. Gwin, P.J. and Farmer, J. concur.